UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERVAIN, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KINGSTON TECHNOLOGY COMPANY, INC., et al.,<br><br>　　　　Defendants. | Case No.  24-mc-80322-LJC<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO QUASH SUBPOENA**<br><br>Re: Dkt. No. 1 |

## I.　INTRODUCTION

This miscellaneous action concerns discovery related to litigation pending in the Western District of Texas. Phison Technology Inc. (PTI), which is not a party to that litigation, moves to quash a subpoena served on it by Plaintiff Vervain, LLC, or for a protective order barring or limiting enforcement of the subpoena.[1] *See generally* ECF No. 1. The subpoena calls for a deposition of PTI at Vervain's attorneys' office in Austin, Texas, and production of ten categories of documents at that deposition. ECF No. 1-3.

Among other arguments, PTI asserts that the subpoena is invalid because it calls for PTI to appear for a deposition more than 100 miles from where PTI "resides, is employed, or regularly transacts business in person." ECF No. 1 at 10 (quoiting Fed. R. Civ. P. 45(c)(1)(A)).[2] PTI is a California corporation based in San Jose, and asserts that it has no employees in Texas and no offices within 100 miles of Austin. ECF No. 1-1 (Wu Decl.) ¶ 5. Vervain contends that an

---

[1] Neither party discusses PTI's alternative request for a protective order as in any way distinct from its Motion to Quash under Rule 45, and PTI has not suggested that this Court could still consider that request if this district is not the correct forum for the Motion to Quash.

[2] Rule 45(c) provides that a subpoena generally cannot require compliance outside of that range, although parties to a case can sometimes be required to appear within the same state where they live or work even if that requires further travel.

employee of at least the broader family of Phison companies is based in Texas near Austin, and that immigration records and a Texas business registration for PTI indicate that any Phison employees in Texas are likely employed by PTI. ECF No. 5 at 11. The Court does not resolve those issues.

As discussed below, PTI's Motion is DENIED WITHOUT PREJUDICE, because this Court is not the appropriate venue to challenge a subpoena calling for a deposition to occur in Texas.

## II.    ANALYSIS

As PTI acknowledges at the outset in its Notice of Motion, "Vervain's Subpoena notices PTI's deposition to occur in the Western District of Texas." ECF No. 1 at 2; *see also id.* at 10; ECF No. 1-3 at 3. In the next sentence, PTI asserts that it "brings this motion in the District Court for the Northern District of California pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)." *Id.* That provision provides that "the court for the district *where compliance is required* must quash or modify a subpoena" that violates certain provisions of Rule 45. Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). PTI's Motion does not address the fact that the subpoena does not purport to require compliance in this district, or otherwise argue why this district is the appropriate venue for the Motion.

Several other provisions of Rule 45 also confer authority on "the court for the district where compliance is required." *See* Fed. R. Civ. P. 45(d)(1) (imposing sanctions for undue burden or expense), Fed. R. Civ. P. 45(d)(2)(B)(i) (compelling production or inspection); Fed. R. Civ. P. 45(d)(3)(B) (resolving discretionary motions to quash or modify subpoenas); Fed. R. Civ.P. 45(e)(2)(B) (reviewing material for a which a claim of privilege or protection is asserted); Fed. R. Civ P. 45(f) (transferring a motion to the court that issued the subpoena); Fed. R. Civ. P. 45(g) (holding parties in contempt for noncompliance). The Court presumes that, for any given subpoena, all of those provisions refer to the same district.

Vervain argues that "this Court lacks authority to grant a motion to quash on a subpoena that issued from the Western District of Texas and required compliance in the Western District of Texas." ECF No. 5 at 10. As Vervain correctly notes, a number of district courts have held that a

2

motion under Rule 45 "is properly filed in [the] district . . . where compliance is required on the face of the subpoena, even if that place of compliance is not proper under Rule 45(c)." *Uniloc USA, Inc. v. Apple Inc.*, No. 19-cv-01692-EJD (VKD), 2020 WL 6262349, at *2 (N.D. Cal. Oct. 23, 2020); *see also, e.g.*, *Pizana v. Basic Rsch., LLC*, No. 1:18-cv-00644-DAD-SKO, 2022 WL 1693317, at *2 (E.D. Cal. May 26, 2022); *ABC Corp. v. XMission LC*, No. MC-21-00007-PHX-DWL, 2021 WL 1751294, at *2 (D. Ariz. May 4, 2021); *Adams v. Symetra Life Ins. Co.*, No. 19-MC-401-EFM-ADM, 2020 WL 489523, at *2 (D. Kan. Jan. 28, 2020); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) (citing several other cases from the Northern District of Texas); *Semex All. v. Elite Dairy Genomics, LLC*, No. 3:14-CV-87, 2014 WL 1576917, at *1 (S.D. Ohio Apr. 18, 2014). That position has been characterized by at least some courts and commentators as the majority view. See *Pizana*, 2022 WL 1693317, at *2 (citing 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 45, at 1331–32 (2021)).

Although not cited by either party here, other courts have disagreed, holding that a motion may be filed in the district where the subpoenaed party resides, or where the witnesses or documents at issue are located. *E.g.*, *HI.Q, Inc. v. ZeetoGroup, LLC*, No. MC 22CV1440-LL-MDD, 2022 WL 17345784, at *6–10 (S.D. Cal. Nov. 29, 2022) *Dennis v. Good Deal Charlie, Inc.*, No. 21-cv-01760-BEN-JLB, 2022 WL 62919, at *6 (S.D. Cal. Jan. 6, 2022); *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017). Both parties inexplicably fail to address the fact that courts are "decidedly split" on whether the "place of compliance" is the location listed for compliance on the face of the subpoena, or the district where a subpoenaed party is located. *See HI.Q, Inc.*, 2022 WL 17345784, at *6.

In its Reply,[3] PTI argues that this district is the appropriate forum for its Motion because PTI is located here, and that the Western District of Texas cannot be the court where compliance is required because Rule 45(c) does not permit Vervain to require PTI's compliance there.

### A.   PTI's Arguments and Cases in Support

PTI argues that *Uniloc* is distinguishable because the receiving party there did not contest

---

[3] As previously noted, PTI's Motion did not address the issue of whether this district is the correct forum.

1    whether the location of compliance stated in the subpoena was appropriate. There is no indication,
2    however, that that distinction affected Judge DeMarchi's sua sponte inquiry as to whether this
3    district was the correct forum for the parties' dispute. *Uniloc* considered a motion to compel
4    compliance under Rule 45(d)(2) rather than a motion to quash under Rule 45(d)(3), but both
5    provisions use the same language to specify the district where the motion must be filed. As
6    applicable here, Rule 45(d)(3)(A)(ii) provides that the "court for the district where compliance is
7    required" is the appropriate forum for claims that a subpoena "requires a person to comply beyond
8    the geographic limits specified in Rule 45(c)," among other potential grounds to quash or modify
9    subpoenas. It would be unusual if the "district where compliance is required" as specified in Rule
10   45(d)(3)(A) turned on which of the subparts to that provision a movant invoked, or differed from
11   the district referenced by identical language in Rule 45(d)(2) as the appropriate forum for a motion
12   to compel. PTI also fails to address that other cases have reached the same conclusion as *Uniloc*
13   even when a subpoena recipient challenged the location set by a subpoena. *E.g.*, *Pizana*, 2022 WL
14   1693317.

15   PTI cites Judge Kang's decision in *United States v. Google LLC*, 690 F. Supp. 3d 1011
16   (N.D. Cal. 2023). ECF No. 8 at 6. In considering a motion for leave to serve a subpoena for the
17   purpose of foreign litigation under 28 U.S.C. § 1782, Judge Kang addressed Rule 45(d)(3) only to
18   highlight the distinction between an issuing court and the district where compliance is required, in
19   holding that a party cannot subvert the 100-mile rule by requesting production by mail to a distant
20   location. *Google*, 690 F. Supp. 3d at 1036. There, the proposed subpoena failed to specify *any*
21   location for compliance, and Judge Kang primarily held it invalid on that basis. *Id.* at 1035–36.
22   He also held that the subpoena violated the 100-mile rule "[t]o the extent that [it] seeks to
23   command Google—from its headquarters in Mountain View, California—to produce documents
24   to a foreign tribunal in Seoul, Republic of Korea," thus perhaps implicitly lending some support
25   for PTI's position that a court where the subpoena recipient is located can consider such issues.
26   *See id.* at 1036. But that case is distinguishable from the circumstances here, in that: (1) the
27   proposed subpoena did not name any place of compliance; (2) the perhaps inferable place of
28   compliance was a foreign country, with no U.S. district court located there that could have

4

1    considered a motion to quash; and, most significantly, (3) Judge Kang was faced with a motion
2    serve a subpoena under 28 U.S.C. § 1782, not a motion to quash or compel governed by Rule 45's
3    venue provisions. That statute calls for a motion to be made to "district court of the district in
4    which a person [to be subpoenaed] resides or is found," 28 U.S.C. § 1782(a), in sharp contrast to
5    Rule 45's many references to the "district where compliance is required."

6          PTI also contends that the Ninth Circuit's decision *In re Kirkland*, 75 F.4th 1030 (9th Cir.
7    2023), supports its position. *See* ECF No. 8 at 6–7. In that case, a bankruptcy "trustee
8    subpoenaed [non-party witnesses] the Kirklands to testify at a trial in California where it is
9    undisputed the Kirklands no longer live, work, or regularly conduct in-person business." 75 F.4th
10   at 1042. The trustee argued that the Kirklands could testify remotely, and "that remote testimony
11   moves the 'place of compliance' under Rule 45(c) from the courthouse to wherever the witness is
12   located, so long as that location is within 100 miles of the witness's home or place of business."
13   *Id.* at 1042–43. The U.S. Bankruptcy Court for the Central District of California agreed, and
14   denied the Kirklands' motions to quash their trial subpoenas. *Id.* at 1037–38. But the Ninth
15   Circuit held that the courthouse where the trial took place remained the place of compliance for
16   the purpose of Rule 45 even if a witness would testify remotely, *id.* at 1042–47, and issued a writ
17   of mandamus requiring the bankruptcy court to quash the subpoenas, *id.* at 1052.

18         PTI seizes on *Kirkland*'s statement that Rule 45 "plainly instructs that courts must 'quash
19   or modify' subpoenas that exceed Rule 45(c)'s 'geographical limits,' reinforcing the conclusion
20   that these limits define the scope of a court's power to compel a witness to participate in a
21   proceeding." ECF No. 8 at 6 (quoting *Kirkland* 75 F.4th at 1044–45, in turn quoting Fed. R. Civ.
22   P. 45(2)(3)(A)(ii)). But passage that says nothing about *which* court should consider such
23   arguments, and neither suggests that courts can ignore the Rule's reference to "the district where
24   compliance is required," nor provides any guidance as to how that phrase should be interpreted.

25         The overall context of the *Kirkland* decision cuts against PTI. The Ninth Circuit ordered
26   the bankruptcy court in California to quash the subpoenas because demanding compliance in that
27   court, when the Kirklands lived in the Virgin Islands and no longer had relevant connections to
28   California, violated the 100-mile rule. In doing so, the Ninth Circuit did not suggest either that the

court in California was not the appropriate forum for the Kirklands' motions to quash as a result of that violation, or that the Kirklands could or should have filed their motions in the District Court of the Virgin Islands.

Finally, PTI argues that the "Western District of Texas does not have the power to compel PTI's participation, because PTI is beyond the geographical limits of Rule 45(c) from *that* court." ECF No. 8 at 7. But if this Court is not the "district where compliance is required" under Rule 45(d)(3)(A), the question of the Western District of Texas can enforce the subpoena as served is not a question for this Court to resolve, just as PTI could not ask this Court to dismiss a complaint filed against it in a different district for improper service or lack of personal jurisdiction.

The cases that agree with PTI tend to rely on Rule 45's purpose of protecting non-parties, and the following sentence from a 2013 Advisory Committee note, which PTI does not address:

> To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required under Rule 45(c).

*Raap*, 2017 WL 2462823, at *3 (quoting Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment, discussing transfer of subpoena-related motions to the issuing court under subdivision (f)).

That note does not specifically pertain to challenges to the 100-mile rule of subdivisions (c)(1)(A) and (c)(2)(A). It can therefore reasonably be understood as merely assuming that the party issuing the subpoena will demand compliance in a district that is appropriate under subpart (c). The note does not indicate that the Advisory Committee contemplated motions being filed in districts other than where a subpoena demands compliance. In any event, "it is the text of the rules that control, and the notes cannot change the meaning that the Rules would otherwise bear." *In re Kirkland*, 75 F.4th at 1043 (cleaned up)). Although the Court is sympathetic to non-parties' interest in avoiding litigation in far-flung courts, PTI's interpretation is both inconsistent with the text of Rule 45 and practically unworkable, as discussed below.

**B.    The Text of Rule 45 Requires PTI to Files Its Motion in Texas**

A leading practice guide provides a persuasive textual argument that subpoena-related

6

1    motions under Rule 45 should be directed to "the place of compliance stated on the subpoena":

>    Textually, the courts that identify place of compliance based on where the documents are to be produced have the better argument. Rule 45(d)(3)(A)(ii) requires "the district where compliance is required" to quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." The very notion of complying "beyond" the 100-mile radius measured from where the person lives or works necessarily links compliance with the location where the documents are to be sent.

1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 45, n.55 (updated Feb. 2024).

In other words, the provision on which PTI now relies specifically contemplates that a subpoena might "require[] a person to comply beyond the geographic limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii).  It follows that the "district where compliance is required," as that term is used in subpart (d)(3)(A) and elsewhere in the Rule, might be a district more than one hundred miles from where the subpoena recipient resides, works, or regularly transacts business.  That would be a reason to quash the subpoena, but the recipient must move to do so in the district where the subpoena, on its face, requires compliance.

As further textual support, the provision at issue here (like every other provision of Rule 45 with equivalent language) refers to "*the* court for *the* district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added).  It does not discuss filing a motion in *a* court or district where compliance is required, or *any* such district, but instead *the* singular district where compliance is required.

PTI, and cases that have taken PTI's proposed approach, assert that when a subpoena seeks compliance in an invalid location, the district where the recipient "resides . . . is the proper compliance court." ECF No. 8 at 5; *see also Raap*, 2017 WL 2462823, at * 3 ("[T]he better approach is to tie the place of compliance to the location of the subpoenaed person or entity."). But for at least some purposes, a person (and especially a corporate entity) can reside in more than one place.  *See, e.g.*, *Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 930 (9th Cir. 2001) (noting that "for Fourth Amendment purposes, a person can have more than one residence"); *Haw. Fit Four LLC v. Ford*, No. CV 16-00607 LEK-RLP, 2017 WL 4883421, at *6 (D. Haw. Oct. 30,

7

2017) (acknowledging the possibility that a party "had more than one residence," and quoting another district court as stating that a "person can have multiple residences but only one domicile" (citation omitted)). Moreover, Rule 45(c) provides that residence is merely one basis for its geographic limit, and that a subpoena may also require compliance within 100 miles of where a person "is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A), (2)(A).

If a party challenging a subpoena as listing an invalid compliance location could choose to file a motion in another district where compliance would be proper, there would often be multiple districts available from which to choose. Such an outcome would be inconsistent with Rule 45(d)(3)(A)'s reference to "*the* district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). In contrast, under the majority view, the location at which the subpoena purports to require compliance will nearly always provide a single district in which parties may file motions to quash (or compel, or transfer, etc.) pursuant to Rule 45, consistent with the various references to "the" district for compliance.

### C. PTI's Approach is Unintuitive and Unworkable

The premise of PTI's argument seems to be that either because PTI resides in this district, or because (in PTI's view) its compliance could properly be required in this district and cannot properly be required in the Western District of Texas, this district should be treated as the "the district where compliance is required."

As discussed above, however Rule 45(c) allows for compliance in districts on multiple geographic grounds (residence, employment, and regularly transacting business), such that for many subpoena recipients, multiple districts could be appropriate places for compliance. Moreover, the Rule does not call for compliance necessarily to occur *in the district* "where the person resides, is employed, or regularly transacts business in person," but instead allows for compliance anywhere "within 100 miles" of any such location, or under some circumstances anywhere within the same state. *See* Fed R. Civ. P. 45(c).

PTI, which is based in San Jose, could undoubtedly be required to produce a witness for a deposition in parts of the Eastern District of California that are less than 100 miles from PTI's

8

headquarters. If PTI were served with such a subpoena, could it still seek relief in this district if it believed the subpoena violated some other stricture of Rule 45, such as seeking privileged material or failing to provide sufficient notice? Or does PTI's position that "[b]ecause PTI resides in this district, the Northern District of California is the proper compliance court" hold only when PTI has at least a colorable argument that the location on the face of the subpoena is improper? *See* ECF No. 8 at 5. Moreover, if the inquiry turns on whether a forum is a *proper* compliance court, could PTI have filed its present motion to quash the Texas deposition in the Eastern District of California if it preferred that forum, on the theory that the deposition could properly have been noticed in that district because it is *close* to where PTI is based? Nothing in PTI's arguments, the cases that have taken similar approaches, or the text of Rule 45 provides a satisfying answer to any of those questions.

Although unstated in PTI's Reply, it is also possible that PTI's position rests on a view that because PTI is based here, some aspects of its compliance would in practice necessarily occur in this district, even if PTI were required to send a deponent or documents to Texas. But that also does not hold up to scrutiny.

The District Court for the District of Columbia identified some of the problems with an approach that disregards the stated location for compliance and instead looks to the location of relevant persons or documents:

> [S]ubpoenaed parties often operate and/or hold documents in several judicial districts. In those circumstances, equating "place of compliance" with "place where the documents sought are located" or "place where the recipient resides or works" would lead to confusion and multiplicity. For example, the FAA operates in every American airport. *See* Federal Aviation Administration, *Offices and Locations*, https://perma.cc/B4B7-32JE. As a consequence, in some cases, a subpoena targeting the FAA might implicate documents kept in multiple locations. If "place of compliance" meant "place where the FAA kept a document" or "place where the FAA handled document production," then that subpoena would spawn a squadron of motions to compel, one for each place where a document is found or reviewed. It seems far better, and simpler, to ascertain a subpoena's "place of compliance" by reference to the text of the subpoena itself. *Cf.* Fed. R. Civ. P. 1 ("These rules . . . . should be construed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.").

*In re Boeing Co. Aircraft Sec. Litig.*, 344 F.R.D. 281, 282 (D.D.C. 2023)

Suppose, for example, that although PTI is based in this district, it intended to produce an employee who lived and worked in Texas to testify on its behalf. To be clear, this is a hypothetical example. The parties dispute whether PTI has any employees in Texas, *see* ECF No. 1-1, ¶ 5, and the Court does not resolve that issue. But if a Texas employee—or, for that matter, an employee based in Alaska, or any other state—testified in Texas on behalf of a California company, it would be at best a legal fiction to say that compliance occurred in California. Would the appropriate forum then be the location where the employee who would serve as a witness was based? If multiple employees based in different districts were qualified to testify, could PTI choose any of those districts to file a motion to quash? If PTI asserted objections to producing documents, where would Vervain be expected to file a motion to compel, without knowing where PTI might store them?

Similar issues could arise for subpoenas served on individual deponents. If a New York resident was served with a subpoena for a deposition in Florida while on an extended vacation there, could "the place where compliance is required" reasonably be said to be New York? Perhaps so (under PTI's construction of the rule) if the deponent intended to return home soon and would need to travel back from New York to attend the deposition, but it is more difficult to see how that could be so if his Florida vacation extended through the date of the deposition. In this Court's view, while the New Yorker might have grounds to move to quash the subpoena for violation of Rule 45(c), he would need to file that motion in Florida where the subpoena stated the deposition would occur, regardless of where he might otherwise be found on the date for which the deposition was noticed. PTI's approach would have courts (and movants) either ignore the likely real-world location of compliance, or speculate as to how and where a subpoenaed party might choose to respond.

Treating the "district where compliance is required" as anything other than the location stated on the face of the subpoena opens up countless possible disputes over where a motion under Rule 45 could or should be filed. In many cases, multiple districts might be appropriate, or parties could at least make plausible arguments for filing in different districts. A motion to compel might therefore be filed in a different district from a motion to quash, potentially resulting in inconsistent

1     outcomes, or a race for the first decision and arguments as to whether it is preclusive in another

2     district. Nothing in Rule 45 suggests that it intended to open the door to such ancillary procedural

3     disputes. *See In re Boeing*, 344 F.R.D. 281, 182 (quoting Rule 1's mandate that the Federal Rules

4     of Civil Procedure be construed "to secure the just, speedy, and inexpensive determination of

5     every action and proceeding"). In contrast, reading Rule 45—consistent with its text—as

6     requiring a motion to be filed in the district where a subpoena purports to require compliance sets

7     a clear rule, at least in most cases, as to where all subpoena-related motions must be filed.

8          Some (but not all) such disputes could be avoided by recognizing only a more limited

9     exception to requiring motions to be filed in the district where compliance is sought: that if—and

10    only if—a motion to quash asserts a violation of the 100-mile rule, the motion can then be brought

11    in the district where the movant resides. But that is not what the Rule says. It sets the same venue

12    rules for motions challenging the location of a deposition as for any other motion to quash,

13    provides that such motions shall be brought before "the court for the district where compliance is

14    required" without reference to the subpoenaed party's residence or location, and does not elevate

15    residence over locations where a person is employed or regulatory transacts business (the other

16    stated bases for Rule 45(c)'s 100-mile rule). *See* Fed. R. Civ. P. 45(d)(3)(A). Accordingly, a

17    narrow exception to the usual meaning of "the district where compliance is required" finds no

18    support in the language of the Rule, and a broad reading of that phrase as allowing motions to be

19    filed in multiple districts is both inconsistent with the Rule's text and unworkable in practice.

20    **III.   CONCLUSION**

21         Rule 45(d)(3)(A) could perhaps have been written more clearly, but the most sensible

22    reading, and the majority view of courts that have considered the issue, is that it requires

23    subpoena-related motions to be filed in the district where a subpoena commands compliance. This

24    Court therefore has no authority under that Rule to quash Vervain's subpoena, and DENIES PTI's

25    / / /

26    / / /

27    / / /

28    / / /

Motion on that basis, without prejudice to any argument the parties might make in the proper forum.[4]

**IT IS SO ORDERED.**

Dated: March 21, 2025

LISA J. CISNEROS
United States Magistrate Judge

---

[4] The Court notes Vervain's assertion that it "is willing to be flexible regarding [the] deposition location," and "remains amenable to a deposition in California." ECF No. 5 at 12. If Vervain were to serve a new subpoena for a deposition in this district, or if the parties were to stipulate that the present subpoena should be deemed to seek a deposition here, this Court would then be a proper a forum for the parties' disputes as to the merits of Vervain's requests.

12